JEREMIAH BROWN ET UX. v. GEO. E. ST. JOHN ET AL.

ALLEGATIONS INSUFFICIENT TO SET ASIDE FORECLOSURE.

In an action to set aside judgment of foreclosure, under sec. 5354, Rev. Stat., allegations that plaintiff, in the foreclosure suit, did not own the mortgage and that his allegations as to an error in describing the property mortgaged were false, are insufficient.

ERROR to the Court of Common Pleas.

SCRIBNER, J.

On July 12, 1888, Jeremiah Brown, one of the plaintiffs in error, made his promissory note of that date whereby he promised to pay to the order of Geo. E. St. John $130 in one year after date thereof, with interest at 8 per cent. per annum payable annually. At the same time there was executed by the said Jeremiah Brown and his wife Mary C. Brown to the payee of the note, Geo. E. St. John, a mortgage on certain premises situated in the village of Port Clinton and described in the mortgage as lot No. 4 of block 30, as designated on the original plat of said village of Port Clinton. This mortgage was duly filed for record with the recorder of Ottawa county, Ohio, July 16, 1888, and was regularly recorded in the mortgage records of said county.

On October 15th, the payee of the note, Geo. E. St. John, filed his petition in the court of common pleas of Ottawa county, Ohio, against the plantiffs here, Brown and his wife (Mary C. Brown being the wife of Jeremiah Brown) for the foreclosure of the mortgage above mentioned. In that petition the making and delivery of the mortgage were duly set forth in the usual form of petition, containing the usual allegation that the defendant, Jeremiah Brown, was indebted to Geo. E. St. John, the plaintiff in the action, upon a promissory note, which I have mentioned, in the sum of $130 and the interest to be computed with annual rests from July 12, 1889.

The petition in foreclosure, filed by St. John, proceeds to set forth that a mistake had been made in the preparation and execution of the mortgage in this, that the makers thereof intended to convey to the plaintiff in fee simple, the following described real estate, to-wit:

"Situated in the village of Port Clinton, and the county of Ottawa and state of Ohio, and known and being the south half of lots 5, 6, 7 and 8, of block 30, as designated on the original plat of the said village. Plaintiff says that by the mutual mistake of the parties or the scrivener, who drew said deed, the real estate was erroneously described as follows:

"Situated in the village of Port Clinton, state of Ohio and county of Ottawa, and known as being lot No. 4 in block 30 as designated in the original plat of said village."

The petition of St. John proceeded then to set forth the condition of the mortgage and the failure to make payment according to the tenor and effect thereof of the amount due thereon, and sets out further that the defendant, Cushee & Co., has some claim upon the real estate described, and it prays that they may be compelled to disclose it in this action or that they may be forever barred:

"Wherefore plaintiff prays judgment against Jeremiah Brown upon the said promissory note in said sum of $130, with interest to be computed annually from July 12, 1889, and that said deed may be so reformed as to properly describe said real estate and that said land may be sold for the payment of the liens in the order of their priority as they may be determined by the court, and for all proper relief."

Defendant alleges in the petition filed herein (and which is now the subject of consideration) that summons was duly issued in the case brought by St. John in foreclosure and for reformation; that service was regularly made on the parties in that action, Brown and his wife (the present plaintiffs), and that judgment was rendered by the court of common pleas in the case, the parties, the defendant, therein being in default.

There is a finding as to the lien of Cushee—a mechanic's lien, it appears, which they had set up by cross-petition. Then the court proceeded to render judgment requiring Jeremiah Brown and his wife to pay the amount found due within the period specified, and the interest; and also that the claim of Cushee & Co. be paid, and in default thereof that an order of sale be issued to the sheriff of the county commanding him to proceed and sell the property.

The defendants in that action, Brown and wife (the plaintiffs here), commenced this action in the court of common pleas of this county, September 28, 1893, asking that the judgment and the decree so rendered against them be set aside.

No question is raised but that the petition was filed, as alleged, against them; process issued and served upon them (indeed, they allege in their petition here that service was made upon them) nor that the decree of the court was rendered, as stated in what I have read, which, in fact, is what is complained of in the petition. But they set up as a ground of attack upon the proceedings of the court, in the first place, that at the time the defendant, Geo. E. St. John, commenced said action and filed said petition, he was not the owner of their said promissory note or of said mortgage and had no authority to commence said action, and his entire proceedings in said case was a fraud on these plaintiffs. That is to say, although St. John filed his petition, alleged in the usual form, that there was due to *him* from the defendants on a promissory note and mortgage set forth in the petition, a certain amount, yet, in point of fact, he was not the owner of their note and mortgage and therefore, he, not being the owner of the note and mortgage, and having no authority to commence the action against them, in which the decree was rendered, they allege that his entire proceedings in the case were a fraud on these plaintiffs; and they further say that the allegations alleging a mistake in said mortgage were false, and that the said Geo. E. St. John, well knew at the time that the same were false as he set the same forth in his petition.

But we observe the allegation is that the statement of a mistake in the execution of the mortgage, as alleged in the action brought by St. John, was false, and that St. John knew them to be false; not that there was in fact no mistake, but that the mistake was not of the character which St. John alleged in that action.

And they say this by way of complaint against the proceedings of St. John: "Plaintiffs say that the aforesaid note and mortgage was executed and delivered to the said Geo. E. St. John, etc." (reading the whole complaint at length.)

Now all these allegations are to the effect that there was a mistake in the description of the mortgaged premises set out in the mortgage; that the mortgage described lot number 4 in block 30, whereas it was intended, according to these allegations, that it should embrace the north half of certain lots, which premises

were owned by Brown himself, the maker of the note, and that said St. John procured the decree to be so entered as to include not only the north half of the lots which were owned by him but also the south half of the same lots, which were owned by the wife on which it is said the home of the husband and wife is situated.

Then the plaintiffs further say in their petition here, "that St. John fraudulently concealed said facts from the plaintiffs, etc."

John Lechler is made a defendant in this proceeding. Now it would seem according to the allegations of this amended petition, and the recitals from the proceedings of the court of common pleas contained in it, that the action of September, 1892, was commenced in regular form by St. John; that there was filed therein the usual petition necessary to effect a foreclosure of said mortgage, and setting forth that a mistake had occurred in the making of the mortgage in the description of the premises, and alleging what premises it was intended should be described. There is no question but that the mortgage was given and the note was due and unpaid or that a mistake had occurred in the drawing of the mortgage, but the controversy is as to the property intended to be included in the mortgage. The plaintiff, St. John, in his action for the reformation of the mortgage, stated that the south half of certain property was intended to be covered by the instrument. The plaintiffs in this action insist that it was only the north half that was intended to be included in the mortgage. Now these parties, as they themselves say, were regularly served with process. They had their day in court; they made default; the journal entry and the decree of the court recite that the case was heard not only upon the pleadings but upon the evidence, and the averments of the petition were found true and a judgment was rendered accordingly.

I may say that a demurrer to this petition was sustained in the court of common pleas and the petition dismissed and the case comes up here upon error of the court of common pleas to reverse the judgment so rendered by the common pleas court in sustaining the demurrer and dismissing the petition. It is now stated here that St. John was not in fact the owner of this claim at the time that he brought this action. It is said that this conduct on the part of St. John was fraudulent on his part; it was a fraud for him to bring an action upon a note and mortgage, as the owner of said note and mortgage, when in point of fact he did not own them.

It is not alleged who did own the note and mortgage, it is merely alleged that St. John did not own them. The court in rendering this decree necessarily finds that St. John was the owner of the note and the security; finds that there is so much due to him thereon from the defendants and renders judgment accordingly in his behalf. In our view of the law, the mere allegation on the part of the defendants in a proceeding brought by them to open the judgment, that the defendant was not the owner at the time, is not sufficient to authorize the court of common pleas to set aside this judgment. But, in that action, I may further state, it appears by the allegations in this petition that the judgment has been assigned to John Lechler. It is stated that that assignment was made and that he claims to be the owner of the judgment and threatens to enforce the same. It is not stated anywhere in the petition that he is the owner of this judgment; it is not suggested that any other person is the owner of it or entitled to any interest in it.

It is also alleged in the petition and made a ground of complaint here as a reasonable cause for setting aside the judgment below, that the claim made by St. John that the mistake occurred in misdescribing the premises in this: that the mortgage should have been upon the south half of the lots described instead of the north half, was a fraud upon the plaintiffs below. Now that depends upon the question of fact as to who was right about it. St. John alleged that it was intended that the mortgage should cover the south half of the lots. These plaintiffs insist that it was, instead, that the mortgage should cover only the

north half of the lots. The decree of the court finds and holds upon the evidence (or at least purports to find from the evidence), that the agreement and understanding was that the mortgage should be upon the south half of the lots as alleged by St. John and the decree is rendered accordingly.

I cannot understand how the plaintiffs, under such circumstances, can claim fraud on the part of the plaintiff in the action in which the court has rendered judgment upon the evidence, and in which the court found as the plaintiffs in that action claimed, and not as the plaintiffs in the present action claim, the facts to be. The statute, sec. 5354, provides: "The common pleas court or the circuit court, may vacate or modify its own judgment or order, after the term at which the same was made."

In the case of *Baldwin* v. *Sheets*, 39 O. S., 624, it is held:

"Action by A. against B., C. and D. Judgment for defendants. Petition by A. under Civil Code (2 S. and C., 1112) setting forth the issue in the action and alleging that the defendants entered into a conspiracy to and did testify falsely, and thereby obtained the judgment, evidence to sustain such allegations having been discovered since the trial: *Held*, that the petition is insufficient under the Civil Code of 1853, sec. 534, subdivision 4, which authorizes the court in which the judgment was rendered to set the same aside for fraud practiced by the successful party in obtaining the judgment or order. "

Now, in this case it is not suggested by the petition filed to set aside this judgment that the successful party practiced any fraud in the way of proving the allegations, but only that the claim of the plaintiff in that action was not made by the owner of the claim and that thereby he practiced a fraud and that the statement made by him that the mortgage was intended to be given on the south part of the lots named was false, and that in making that claim, the plaintiffs below practiced fraud; but it does not appear anywhere in this petition that any improper practice, any false testimony or anything improper was resorted to in order to induce the court to render this judgment.

Subdivision 10 of sec. 5354 reads as follows:

" When such judgment was obtained in whole or material part, by false testimony on the part of the successful party, or any witness in his behalf, which ordinary prudence could not have anticipated or guarded against, and the guilty party has been convicted."

It may not be material in the case of *Baldwin* v. *Sheets, supra.*
Our conclusion is that the judgment should be affirmed.

*C. I. York*, for plaintiff. *E. G. Love*, for defendant.